UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

WILLIAM "KATLYNN" GRAY,

Plaintiff,

v.

CORRECTIONAL OFFICER F. DIAZ,

Defendant.

Case No. 1:12-cv-00242-EJL

**MEMORANDUM DECISION AND ORDER**

Plaintiff, a transgender prisoner in the custody of the Idaho Department of Correction ("IDOC"), is proceeding pro se and in forma pauperis in this civil rights action. Pending before the court is Defendant's Motion for Summary Judgment (Dkt. 23). Also pending are (1) Plaintiff's Motion for Reconsideration (Dkt. 20) of the Court's Order dated May 28, 2013 ("May 28 Order"); (2) Defendant's Motion to Stay Discovery (Dkt. 22); (3) Plaintiff's Motion to Strike (Dkt. 35); and (4) Plaintiff's Motion for Appointment of Counsel (Dkt. 42).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record without oral argument. D. Idaho L. R. 7.1. For the reasons that follow, the Court concludes that there is no genuine dispute

as to any material fact and that Defendant is entitled to judgment as a matter of law.

## PRELIMINARY MOTIONS

### 1. Motion For Reconsideration

In its May 28 Order, the Court reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and allowed Plaintiff to proceed only on her retaliation claim that Defendant stole or destroyed some of Plaintiff's legal documents in retaliation for Plaintiff's exercise of her constitutional rights. All other claims were dismissed. (May 28 Order, Dkt. 16, at 9.) Plaintiff moves for reconsideration of that Order.

A court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). However, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

The Court does not find sufficient cause to reconsider its May 28 Order. Plaintiff's Motion is little more than a disagreement with the Court's legal analysis—a matter for appeal, not reconsideration. Plaintiff has not shown that the Court's May 28 Order was clearly erroneous or that it will work a manifest injustice. Thus, the Motion for Reconsideration will be denied.

### 2. Motion to Strike

Plaintiff moves to strike Defendant's affidavit, submitted in support of the Motion for Summary Judgment, on the grounds that the affidavit "is not based on personal knowledge[] and offers statements that are conclusory." (Dkt. 35 at 1.) The Court disagrees. In his affidavit, Defendant sets forth his duties as a property officer, the IDOC's policies on inmate property searches, and the circumstances surrounding the events giving rise to Plaintiff's claim. Therefore, the Court will deny the Motion to Strike.

The Court will also deny the Motion to Strike on the alternative basis that Plaintiff maliciously filed the Motion in bad faith and in an attempt to harass Defendant. Plaintiff states that Defendant "is a Hispanic, possibly of dubious immigration status." (Dkt. 35-1 at 2.) Plaintiff has plainly violated Local Civil Rule 83.8, which provides:

> All pretrial and trial proceedings in the United States District and Bankruptcy Courts for the District of Idaho, must be free from prejudice and bias towards another on the basis of gender, race, ethnicity, disability, age or sexual orientation. Fair and equal treatment must be accorded all courtroom participants, whether judges, attorneys, witnesses, litigants, jurors, or court personnel. The duty to be respectful of others includes the responsibility to avoid comment or behavior that can reasonably be interpreted as manifesting prejudice or bias toward another.

Plaintiff's failure to abide by the Court's civility standards is alone sufficient to justify the denial of the Motion to Strike. Although Plaintiff is a frequent litigator in this Court and is likely aware of those standards, the Court declines at this time to impose sanctions on Plaintiff. However, Plaintiff should be aware that failure to follow the rules or orders of the Court is grounds for dismissal. *See* Fed. R. Civ. P. 41(b). Plaintiff should

carefully consider the statements she makes in future filings to ensure that she does not again commit such offensive violations of Court rules.

**3. Motion for Appointment of Counsel**

Plaintiff also moves for appointment of counsel. The Court will deny this Motion in the exercise of discretion. In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, a court must evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

The Court finds no extraordinary circumstances that would require the appointment of counsel. Plaintiff has demonstrated the ability to submit legible and well-written documents to the Court, and the issues are not complex in this matter. Further, the Court concludes that Plaintiff will not succeed on the merits of her claim. Thus, the Motion for Appointment of Counsel will be denied.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant argues that he is entitled to summary judgment on Plaintiff's only remaining claim: that Defendant took or destroyed some of Plaintiff's legal documents in retaliation for Plaintiff's litigation activities.

**1. Material Facts**

This section includes facts that are undisputed and material to the resolution of the

issues in this case. Where material facts are in dispute, the Court has included Plaintiff's version of facts, insofar as that version is not contradicted by clear documentary evidence in the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

Plaintiff is currently incarcerated at Idaho Correctional Institution at Orofino. Plaintiff's claims arose while she was incarcerated at Idaho Maximum Security Institution ("IMSI"). On March 30, 2012, Defendant conducted a search of Plaintiff's property pursuant to an IDOC policy that allows random property searches, as well as searches whenever inmates arrive at or leave IMSI. (Diaz Aff., Dkt. 23-3, at ¶¶ 3, 9.)

Plaintiff's property, which included approximately three cubic feet of legal materials (Dkt. 32 at 7), was first run through an x-ray machine, which detected potential contraband (Diaz Aff. at ¶ 11). Defendant then manually searched the property and found razor blades and wire hidden amongst Plaintiff's paperwork. (*Id.* & Ex. E.) Defendant confiscated these objects, along with other unauthorized items such as a nail clipper and a nude photo, and created a confiscated property sheet. Defendant avers that he did not remove any legal materials from Plaintiff's property, and the sheet does not list any legal materials as having been confiscated. (*Id*. at ¶¶ 15-17 & Ex. F.) Diaz also states that at the time of the search he did not know about Plaintiff's then-pending lawsuits.

Plaintiff states that when she received her property back after the search, some of

her documents were missing. Plaintiff states only documents missing pertained to Plaintiff's legal work. (Am. Compl., Dkt. 12, at 40-41.) Plaintiff believes that Defendant stole or destroyed these legal materials in retaliation for the numerous civil rights actions Plaintiff has filed while a prisoner.

**3. Summary Judgment Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, there must be no *genuine* dispute as to any *material* fact in order for a case to survive summary judgment. Material facts are those "that might affect the outcome of the suit." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party is entitled to summary judgment if that party shows that each

material fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *So. Ca. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Material used to support or to dispute a fact must be able to be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or in opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the

affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed. R. Civ. P. 56(e)(2).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. Although all reasonable inferences that can be drawn from the evidence must be drawn in the light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31, the Court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Indep. Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). The Ninth Circuit "ha[s] repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (citation and internal quotation marks omitted). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain "testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document." *Id.*

**4. Standard of Law Applicable to Plaintiff's Claim**

Plaintiff alleges that Defendant stole or destroyed her missing legal work in

retaliation for Plaintiff's litigation activities. A First Amendment retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, . . . that such action (4) chilled the inmate's exercise of her First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Although a "chilling effect on First Amendment rights" is enough to state an injury, *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001), "bare allegations of arbitrary retaliation" are insufficient to state a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985). Although the timing of an official's action can be circumstantial evidence of retaliation, there must generally be something more than simply timing to support an inference of retaliatory intent. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

Moreover, not every retaliatory act taken by a prison official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry in determining whether a plaintiff has stated a viable retaliation claim "asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard

achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted); *ACLU of Maryland, Inc. v. Wicomico County*, 999 F.2d 780, 786 n.6 (4th Cir. 1993) (per curiam) ("[T]hese § 1983 plaintiffs suffered no more than a *de minimis* inconvenience and . . . , on the facts of this case, such inconvenience does not constitute cognizable retaliation under the First Amendment.").

**5. Discussion**

Defendant testifies in his affidavit that he did not take or destroy the documents at issue and that he did not harbor any retaliatory intent toward Plaintiff. He states that during the search of Plaintiff's property, he found several items of contraband—which is not disputed—and that he confiscated those items along with various other unauthorized items. He states that he did not confiscate any legal materials. Defendant has met his burden of showing that he did not take or destroy Plaintiff's documents and that he did not take any action with respect to the property search because of Plaintiff's protected activity.

The burden thus shifts to Plaintiff to establish a genuine dispute of material fact regarding her retaliation claim. She has failed to do so.

Plaintiff first argues that a retaliation claim does not require proof of a particular "state of mind" of the defendant. (Dkt. 32 at 4.) Plaintiff is incorrect. A plaintiff asserting a retaliation claim must show that a state actor took an adverse action against the plaintiff

*because of* the plaintiff's protected conduct. *Rhodes*, 408 F.3d at 567-68. Therefore, a necessary element of a retaliation claim is that the defendant actually harbored a retaliatory intent.

Plaintiff has not brought forth any *evidence* tending to raise a genuine issue of fact as to Defendant's intent. Her mere belief that Defendant acted in retaliation is insufficient. Plaintiff takes issue with Defendant's statement that he did not know about Plaintiff's litigation activities at the time of the search; she argues that Defendant must have known about the lawsuits because he admits searching Plaintiff's legal materials on March 30, 2012. However, that Defendant looked through stacks and pages of documents in search of contraband does not mean that Defendant actually *read* those documents. Additionally, that only *legal* documents were missing is not material, given the sheer volume of Plaintiff's legal work. Plaintiff herself describes her legal papers as constituting three cubic feet. (Dkt. 32 at 7.) It is therefore hardly surprising that the missing documents were legal in nature; *any* document pulled from such a large volume of paperwork would, most likely, be a legal document.

Further, Plaintiff has not rebutted Defendant's evidence that Defendant did not, in fact, take or destroy any of Plaintiff's legal work. Plaintiff states that she had the envelopes before the search and did not have them afterwards. But this suggests, at most, that the documents might have been lost as a result of inadvertence or negligence. It does not support a conclusion that Defendant purposefully stole or destroyed them.

Plaintiff next claims that the extent of Defendant's search of Plaintiff's legal

materials was excessive. (*See*, *e.g.*, Dkt. 32 at 6-7, 15-16, 18.) However, that claim has already been dismissed. As the Court previously explained,

> Plaintiff admits that one envelope in the box of materials contained "suspect material" or contraband. (Am. Compl. at 38.) Plaintiff suggests that because only one envelope contained suspect material, Defendant's inventory was too expansive. (*Id*.) But Defendant could not have known how much contraband was hidden in Plaintiff's legal work prior to the inventory. "Controlling contraband within a prison is a legitimate penological interest," and inventorying prisoners' property to search for contraband is "reasonably related to this interest." *Nuñez v. Duncan*, 591 F.3d 1217, 1228 (9th Cir. 2010). Therefore, even if the inventory was the result of a retaliatory motive, it would still be constitutional. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Barnett*, 31 F.3d at 815-16.

(Dkt. 16 at 6.)

Plaintiff also asserts that when her property was returned, some of her documents were disorganized, were crumpled or torn, or were stained with what appeared to be coffee. (Dkt. 32 at 8, 16, 19.) Plaintiff has not shown that these actions were taken in retaliation for her litigation activities. However, but even Plaintiff could establish that Defendant had a retaliatory motive, such minimally annoying actions are not so adverse that they would "chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr.*, 192 F.3d at 1300.

Because the Court has concluded that Plaintiff cannot show a violation of her First Amendment right to be free from retaliation, the Court need not address Defendant's argument that he is entitled to qualified immunity notwithstanding any such violation.

## CONCLUSION

Plaintiff has failed to rebut Defendant's showing that there is no genuine dispute as to any material fact and that Defendant is entitled to judgment as a matter of law. Therefore, the Court will grant summary judgment in favor of Defendant and dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Reconsideration (Dkt. 20) is DENIED.

2. Plaintiff's Motion to Strike (Dkt. 35) is DENIED.

3. Plaintiff's Motion for Appointment of Counsel (Dkt. 42) is DENIED.

4. Defendant's Motion for Summary Judgment (Dkt. 23) is GRANTED, and this case is DISMISSED with prejudice.

5. Defendant's Motion to Stay Discovery (Dkt. 22) is MOOT.

DATED: **January 10, 2014**

Honorable Edward J. Lodge
U. S. District Judge